[No. C054374. Third Dist. Mar. 5, 2008.]

BERNARD BURKS, Plaintiff and Respondent, v.
KAISER FOUNDATION HEALTH PLAN, INC., et al., Defendants and
Appellants.

## COUNSEL

Wilke, Fleury, Hoffelt, Gould & Birney, Ronald R. Lamb; Marion's Inn, Kennedy P. Richardson, Yvonne M. Pierrou, Jordan Posamentier and Thomas M. Freeman for Defendants and Appellants.

Shernoff Bidart & Darras, Michael J. Bidart, Ricardo Echeverria; The Ehrlich Law Firm and Jeffrey Isaac Ehrlich for Plaintiff and Respondent.

**OPINION**

**ROBIE, J.**—When plaintiff Bernard Burks sued defendants (jointly Kaiser) for "the egregious treatment [he] received from KAISER while suffering from a renal failure and awaiting a kidney transplant," Kaiser petitioned to compel arbitration under the arbitration provision in the membership agreement between Burks and Kaiser. Burks opposed Kaiser's petition on the ground the arbitration provision was unenforceable because the disclosure of the provision in Kaiser's enrollment form—required by Health and Safety Code section 1363.1 (section 1363.1)—was not "prominently displayed" on the form as required by subdivision (b) of that statute.

The trial court agreed with Burks that the arbitration disclosure was not prominently displayed on the enrollment form, noting that it was "printed in the same or smaller typeface as the typeface used in the rest of the enrollment form" and was "neither highlighted, italicized nor bolded; nor does it have a separate heading." Accordingly, the court denied the petition to compel arbitration.

On Kaiser's timely appeal from that ruling, we find no error. Like the trial court, we conclude the arbitration disclosure was not "prominently displayed" on the enrollment form because there was nothing that made the disclosure stand out from the remainder of the form, such that it could be reasonably expected to command the notice of a person filling out the form. We also reject Kaiser's argument that its enrollment form substantially complied with section 1363.1 because an enrollment form that does not have the required arbitration disclosure prominently displayed on it—in direct contravention of one of the requirements of section 1363.1—cannot be deemed to substantially comply with that statute. Consequently, we will affirm the trial court's order denying Kaiser's petition to compel arbitration.

## DISCUSSION

### I

### *Kaiser's Enrollment Form*

The "Enrollment Application/Change Form" at issue here is a one-page document that consists mostly of a series of blank spaces in which the

enrollee fills in personal identifying information.[1] The blanks appear in a large box that takes up most of the page. The box is defined by bold lines on all four sides.

The arbitration disclosure appears in a single paragraph just beneath the line forming the bottom of the box, immediately above the space provided for the enrollee's signature. As the trial court noted, the arbitration disclosure is printed in typeface that is substantially the same or smaller than the typeface used on the rest of the enrollment form, and that typeface is not highlighted, italicized, or bolded. The notice also lacks any kind of heading. It is simply a paragraph of small text at the end of the enrollment form immediately above the space for the enrollee's signature.

## II

*Compliance with Section 1363.1, Subdivision (b)*

■ Section 1363.1 provides that if a health care service plan requires binding arbitration to settle disputes with its members, the plan must disclose that arbitration requirement in "a separate article in the agreement issued to the employer group or individual subscriber."[2] (§ 1363.1, subd. (b).) In addition, that disclosure must be "prominently displayed on the enrollment form signed by each subscriber or enrollee." (§ 1363.1, subd. (b).) It is undisputed that "[a] violation of section 1363.1 renders a contractually

---

[1] A copy of the form is attached as an appendix to this opinion.

[2] In its entirety, section 1363.1 provides as follows:

"Any health care service plan that includes terms that require binding arbitration to settle disputes and that restrict, or provide for a waiver of, the right to a jury trial shall include, in clear and understandable language, a disclosure that meets all of the following conditions:

"(a) The disclosure shall clearly state whether the plan uses binding arbitration to settle disputes, including specifically whether the plan uses binding arbitration to settle claims of medical malpractice.

"(b) The disclosure shall appear as a separate article in the agreement issued to the employer group or individual subscriber and shall be prominently displayed on the enrollment form signed by each subscriber or enrollee.

"(c) The disclosure shall clearly state whether the subscriber or enrollee is waiving his or her right to a jury trial for medical malpractice, other disputes relating to the delivery of service under the plan, or both, and shall be substantially expressed in the wording provided in subdivision (a) of Section 1295 of the Code of Civil Procedure.

"(d) In any contract or enrollment agreement for a health care service plan, the disclosure required by this section shall be displayed immediately before the signature line provided for the representative of the group contracting with a health care service plan and immediately before the signature line provided for the individual enrolling in the health care service plan."

binding arbitration provision in a health service plan enrollment form unenforceable." (*Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 50 [16 Cal.Rptr.3d 687].)

In *Imbler v. PacifiCare of Cal., Inc.* (2002) 103 Cal.App.4th 567 [126 Cal.Rptr.2d 715], the court observed that the dictionary definition of "prominent" is " 'standing out or projecting beyond a surface or line,' or 'readily noticeable.' " (*Id.* at p. 579.) We would add to that observation that the word "prominent"—like its synonyms "noticeable," "remarkable," "outstanding," "conspicuous," "salient," and "striking"—means "attracting notice or attention." (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 848, col. 2.) More specifically, "prominent" "applies to something commanding notice by standing out from its surroundings or background." (*Ibid.*)

With that understanding, we turn to whether the trial court erred in determining that the arbitration disclosure was not "prominently displayed" on Kaiser's enrollment form. Our standard of review of this ruling is de novo. (See *Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425 [34 Cal.Rptr.3d 547].)

Kaiser begins by arguing that because section 1363.1 "does not prescribe, much less dictate a particular means for achieving th[e required] prominent appearance," "the statute should be construed as granting health plans a reasonable degree of discretion in choosing how to give prominence to the arbitration notice." Burks does not dispute this assertion, nor do we. The question remains, however, whether the method Kaiser chose to achieve the required prominence succeeded.

On that question, Kaiser argues that "[t]he notice [in its enrollment form] achieves considerable prominence just from its placement immediately above [Burks]'s signature." Kaiser further contends that "[t]he prominent effect of the signature placement is reinforced by the fact that the arbitration notice and the signature line are plainly set apart from the rest of the enrollment form's content by a solid horizontal border." According to Kaiser, "The effect of this border is to isolate the arbitration notice as the only text that benefits from the eye-catching signature placement."

In response, Burks argues that Kaiser cannot rely on the placement of the arbitration disclosure to satisfy the requirement of subdivision (b) of section 1363.1 that the disclosure be "prominently displayed" on the enrollment form because subdivision (d) of that statute separately requires the disclosure to be "displayed . . . immediately before the signature line provided for the individual enrolling in the health care service plan." According to Burks,

because the Legislature chose to include "a prominence requirement in addition to a signature-placement requirement," "both commands must be given meaning."

While Kaiser acknowledges that "the prominence standard is distinct from the signature placement requirement," Kaiser asserts that "this does not mean . . . they operate independently." The gist of Kaiser's argument is that even though the Legislature chose to require that the arbitration disclosure be "prominently displayed on the enrollment form" *and* "be displayed . . . immediately before the signature line provided for the individual enrolling in the health care service plan" (§ 1363.1, subds. (b), (d)), compliance with the second requirement "should suffice" to satisfy the first requirement as well, "provided the notice is legible."

██ We are not persuaded. "It is a maxim of statutory construction that 'Courts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage.' " (*Reno v. Baird* (1998) 18 Cal.4th 640, 658 [76 Cal.Rptr.2d 499, 957 P.2d 1333].) If placement of a legible arbitration disclosure immediately before the signature line were sufficient, in the judgment of the Legislature, to make that disclosure stand out from its surroundings, then there would have been no reason for the Legislature to separately mandate that the disclosure be "prominently displayed" on the enrollment form. By requiring that the arbitration disclosure be displayed prominently *and* immediately before the signature line, the Legislature communicated its intent that something *other* than the placement of the disclosure would be needed to achieve the required prominence.

This understanding of the Legislature's intent is supported by the legislative history of the statute. The requirement in subdivision (d) of section 1363.1 that the arbitration disclosure be displayed immediately before the signature line can be traced back to the original version of the underlying bill. (Assem. Bill No. 3260 (1993–1994 Reg. Sess.) as introduced Feb. 24, 1994.) At that time, the bill also required—in subdivisions (a) and (b) of the proposed statute—that the arbitration disclosure "be in 14-point bold face print within a 10-point bordered rectangle, and . . . be headed with the words 'DISPUTE SETTLEMENT THROUGH BINDING ARBITRATION' in bold print," with the additional heading " 'WAIVER OF RIGHT TO A JURY TRIAL' [to] appear in bold print on the line immediately beneath the [first] heading." (*Ibid.*) Three months after its introduction, however, the bill was amended to eliminate the specific typeface, format, and heading requirements and to insert in their place the requirement that now appears in subdivision (b) of the statute—that the arbitration disclosure be "prominently displayed on the enrollment form." (Assem. Bill No. 3260 (1993–1994 Reg. Sess.) as amended May 19, 1994.)

This legislative history supports Kaiser's assertion that the Legislature wanted to give flexibility to health plans in choosing how to give prominence to the arbitration disclosure in their enrollment forms. By requiring that the notice be "prominently displayed," without dictating exactly how, the Legislature gave health plans like Kaiser the right to choose what typeface, format, headings, and/or other devices they would use to make the notice stand out from its surroundings. At the same time, however, the legislative history supports the conclusion that by requiring prominence *in addition* to placement immediately above the signature line, the Legislature intended to require something more than placement to make the notice prominent.

In summary, we conclude that the placement of an arbitration disclosure immediately above the signature line in an enrollment form in compliance with subdivision (d) of section 1363.1 has no bearing on whether that disclosure is "prominently displayed" in compliance with subdivision (b) of the statute. To demonstrate compliance with *both* statutory requirements, the health plan must be able to point to something other than the placement of the disclosure above the signature line that makes it stand out from its surroundings, such that it could reasonably be expected to command the attention of the person filling out the form.

Here, the only fact other than placement above the signature line that Kaiser relies on to establish that its arbitration disclosure was prominently displayed on the enrollment form is that the notice is "plainly set apart from the rest of the enrollment form's content by a solid horizontal border." As we have explained, this "border" is actually the bottom of a box that encloses the blanks the enrollee is required to fill out. In our view, however, the placement of the arbitration disclosure below this box does little (if anything) to make the disclosure stand out from its surroundings.

Certainly the arbitration notice is the only block of text on the form, which distinguishes this case from the other published cases on this issue. (See *Imbler v. PacifiCare of Cal., Inc., supra,* 103 Cal.App.4th at p. 579 [disclosure appeared "in the middle of the authorization for the release of medical records and an authorization for payroll deduction of premiums"]; *Malek v. Blue Cross of California, supra,* 121 Cal.App.4th at p. 51 [disclosure appeared following a section entitled " 'deduction authorization' " and before sections entitled " 'to non-participating provider,' " " 'declining coverage,' " and " 'authorization to obtain or release medical information' "]; *Robertson v. Health Net of California, Inc., supra,* 132 Cal.App.4th at p. 1423 [disclosure appeared "on the second page of the enrollment form . . . contained within a section entitled 'ACCEPTANCE OF COVERAGE' "]; *Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 158 [53 Cal.Rptr.3d 69] [disclosure appeared following paragraph concerning "the enrollee's authorization for the

release of medical information"].) To this extent, Kaiser is correct in asserting that the arbitration disclosure on its form "does not compete with any non-arbitration text for the applicant's attention." We are not persuaded, however, that this makes the disclosure command attention by standing out from its surroundings. Given the plain, small typeface Kaiser used for its arbitration disclosure without any heading, and given that most of the rest of the form (in the box containing the blanks the enrollee is to fill in) contains larger typeface, some of which is bold and some of which is highlighted by a different colored background, we agree with the trial court that the disclosure is not "prominently displayed" on the enrollment form, notwithstanding its placement as the only text immediately above the signature line on the form.

### III

### *Substantial Compliance with Section 1363.1*

Kaiser contends that even if its arbitration disclosure "does not fully satisfy the current judicial construction of section 1363.1, . . . the notice substantially complied with the statute based on the then prevailing law." We disagree.

■ " 'Substantial compliance, as the phrase is used in the decisions, means *actual* compliance in respect to the substance essential to every reasonable objective of the statute,' as distinguished from 'mere technical imperfections of form.' " (*Camp v. Board of Supervisors* (1981) 123 Cal.App.3d 334, 348 [176 Cal.Rptr. 620].) ■ In our view, a health plan's failure to prominently display the arbitration disclosure on its enroll-ment form can never be deemed a mere technical imperfection of form. The "essential purpose" of section 1363.1 is to ensure "the knowing waiver of the jury trial right" by the health plan enrollee. (*Robertson v. Health Net of California, Inc., supra*, 132 Cal.App.4th at p. 1430.) To achieve that purpose, the Legislature has mandated that any arbitration requirement be disclosed to the enrollee by displaying the disclosure of that requirement immediately above the signature line on the enrollment form and by doing so "promi-nently." This prominence requirement (like the placement requirement) is essential to achieving the legislative purpose, and therefore anything less than *actual* compliance with the prominence requirement is unacceptable. An enrollment form that does not have the required arbitration disclosure promi-nently displayed on it—in direct contravention of subdivision (b) of section 1363.1—does not substantially comply with that statute.

## DISPOSITION

The order denying Kaiser's petition to compel arbitration is affirmed. Burks shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

Blease, Acting P. J., and Butz, J., concurred.

# APPENDIX

## KAISER PERMANENTE®

### Enrollment Application/Change Form

Please print or type in black or dark blue ink. Please see instructions on reverse before completing this form

**Retain last copy for your records and use as a temporary ID.**

| To Be Completed by Employer |
|---|
| Purchaser Number _____  Enrollment Unit Number (EU) _____ |
| Effective Date: ____ / ____ / ____ |

---

**A. ENROLLMENT REASON (check one)**

- ❑ New Hire Enrollment ❑ New Purchaser
- ❑ Open Enrollment ❑ New Enrollment Unit
- ❑ Other _____ (Enter reason from back of form)

Event Date: ____ / ____ / ____

**B. CHANGE REASON (check all that apply)**

- ❑ Add/Delete Dependent(s) _____ (Enter reason from back of form)
- ❑ Address Change ❑ Name Change (see below)
- ❑ Other _____ (Enter reason from back of form)

Event Date: ____ / ____ / ____

---

**C. ABOUT YOU (Subscriber)**

| Last Name | First Name | MI | Are you now or have you ever been a Kaiser Permanente member? ❑ Yes ❑ No |
|---|---|---|---|

| If you have ever been a Kaiser Permanente member, what is/was your Medical Record Number (from your ID card)? | Gender ❑ M ❑ F | Social Security Number ___—___—___ | Date of Birth ____ / ____ / ____ |
|---|---|---|---|

| Street Address ❑ Check here if new address and complete Section G below | City | State | Zip Code | Home Phone ❑Day❑Eve ( ) | Work Phone ❑Day❑Eve ( ) |
|---|---|---|---|---|---|

---

**D. IF THIS IS AN ENROLLMENT, WE'D LIKE TO KNOW A LITTLE BIT MORE ABOUT YOU.**

| Marital Status ❑ Married ❑ Single | Maiden Name (if applicable) | Language Spoken | Language Written |
|---|---|---|---|

Have you ever received care from Kaiser Permanente within the state of California? ❑ Yes ❑ No

---

**E. ABOUT YOUR EMPLOYMENT**

| Company Name | City | Employee ID | Employment Status ❑ Working ❑ Retired |
|---|---|---|---|

---

**F. NAME CHANGE**

From _____ to _____
  Last Name    First Name      Last Name    First Name

---

**G. ADDRESS CHANGE (What was your previous address?)**

| Street Address | City | State | Zip Code |
|---|---|---|---|

---

**H. ABOUT YOUR FAMILY** Previous Kaiser Foundation Health Plan members should list their Medical Record Numbers (if known)

| Last Name | First Name | MI | Role | Social Security Number | Date of Birth mm/dd/yy | Sex M/F | Add/ Delete | Medical Record Number If Known |
|---|---|---|---|---|---|---|---|---|
| Spouse / Maiden Name (if applicable) | | | ❑ Spouse | ___—___— | ____ / ____ | ❑ M ❑ F | ❑ Add ❑ Delete | |
| Dependent | | | ❑ Child ❑ Student ❑ Other | ___—___— | ____ / ____ | ❑ M ❑ F | ❑ Add ❑ Delete | |
| Dependent | | | ❑ Child ❑ Student ❑ Other | ___—___— | ____ / ____ | ❑ M ❑ F | ❑ Add ❑ Delete | |
| Dependent | | | ❑ Child ❑ Student ❑ Other | ___—___— | ____ / ____ | ❑ M ❑ F | ❑ Add ❑ Delete | |
| Dependent | | | ❑ Child ❑ Student ❑ Other | ___—___— | ____ / ____ | ❑ M ❑ F | ❑ Add ❑ Delete | |

Dependent's Address (if different from subscriber): ❑ Check here if all dependents are at the address below.

| Name(s) | Address | City | State | Zip Code |
|---|---|---|---|---|

---

I understand that, except for small claims court cases and claims subject to the Medicare Appeals Procedure, any claim that I, my heirs, or other claimants associated with me assert for alleged violation of any duty arising out of or relating to membership in Health Plan, including any claim for medical or hospital malpractice, for premises liability, or relating to the coverage for, or delivery of, services or items, irrespective of legal theory, must be decided by binding arbitration under California law and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. I agree to give up my right to a jury trial and accept the use of binding arbitration. I understand that the complete arbitration provision is contained in the *Evidence of Coverage*.

Subscriber's Signature: _____  Date: ____ / ____ / ____

TOP COPY–To CSC (California Service Center)  MIDDLE COPY–To be retained by purchaser  BOTTOM COPY–To be retained by subscriber and used as temporary ID